2026R00394/KMR

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Mag. No. 26- mj-1263-JBC |
| | : | |
| MIKHAEL TKACH, | : | 18 U.S.C. § 371 |
| a/k/a "Michael Tkach" | : | 21 U.S.C. §§ 331(a), 333(a)(1) |

# INFORMATION

The United States charges:

## Count One
## (Conspiracy to Introduce Misbranded Infant Formula into Interstate Commerce)

1. At all times relevant to this Information:

### The Defendant

a. Defendant MIKHAEL TKACH, a/k/a "Michael Tkach" ("defendant TKACH"), was a resident of New York.

### Relevant Individuals and Entities

b. "Company 1" was a business, located in New York, that defendant TKACH owned and operated. Company 1 operated a website, www.organicbabyshop.com (the "Company 1 Website").

c. "Co-Conspirator 1" was a citizen and resident of the United States who operated several business entities in the United States.

d. "Company 2" was a business, located in the United States, that Co-Conspirator 1 owned and operated.

**Background on Labeling Requirements for Infant Formula**

e. The Food and Drug Administration (the "FDA") was the federal agency responsible for protecting the health of the American public by ensuring, among other things, that foods were safe, wholesome, sanitary, and properly labeled. The FDA carried out its responsibilities by enforcing the Food, Drug, and Cosmetic Act (the "FDCA"), 21 U.S.C. § 301, *et seq.,* and other pertinent laws and regulations.

f. To protect the health and safety of the American public, the FDCA generally prohibited the introduction or delivery for introduction into interstate commerce of any food—including infant formula—that was "misbranded." 21 U.S.C. § 331(a).

g. The FDCA defined "infant formula" as "a food which purports to be or is represented for special dietary use solely as a food for infants by reason of its simulation of human milk or its suitability as a complete or partial substitute for human milk." 21 U.S.C. § 321(z); 21 C.F.R. § 106.3. An "infant" was a person not more than 12 months of age. 21 C.F.R. § 106.3.

h. Infant formula was deemed to be "misbranded" if, among other things:

> i. any word, statement, or other information required by or under the authority of [the FDCA] to appear on the label or labeling was not prominently placed thereon with such conspicuousness and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use; or

ii. its labeling was false or misleading in any particular.

21 U.S.C. §§ 343(a) and 343(f).

i. All words, statements, and other information required by or under authority of the FDCA to appear on the label or labeling of food, including infant formula, had to appear in the English language.[1] 21 C.F.R. § 101.15(c)(1). The FDCA defined "label" as "a display of written, printed, or graphic matter upon the immediate container of any article." 21 U.S.C. § 321(k). The term "labeling," in turn, was broader and was defined as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers or (2) accompanying such article." 21 U.S.C. § 321(m).

j. Under authority of the FDCA, the FDA implemented regulations that required specific information and directions to be contained on labeling of infant formula (the "Labeling Requirements"). 21 C.F.R. §§ 107.10 and 107.20.

k. Specifically, the Labeling Requirements required infant formula labels include the following information in the order given in the table below, in the units specified, and in tabular format:

i. A statement of the number of fluid ounces supplying 100 kilocalories (in case of food label statements, a kilocalorie is represented by the word "Calorie"); and

ii. A statement of the amount, supplied by 100 kilocalories, of each of the following nutrients and of any other nutrient added by the manufacturer:

[1] The regulation further provided: "That in the case of articles distributed solely in the Commonwealth of Puerto Rico or in a Territory where the predominant language is one other than English, the predominant language may be substituted for English." 21 C.F.R. § 101.15(c)(1).

| Nutrients | Unit of measurement |
|---|---|
| Protein | Grams. |
| Fat | Do. |
| Carbohydrate | Do. |
| Water | Do. |
| Linoleic acid | Milligrams. |
| Vitamins: | |
| Vitamin A | International units. |
| Vitamin D | Do. |
| Vitamin E | Do. |
| Vitamin K | Micrograms. |
| Thiamine (Vitamin $B_1$) | Do. |
| Riboflavin (Vitamin $B_2$ | Do. |
| Vitamin $B_6$ | Do. |
| Vitamin $B_{12}$ | Do. |
| Niacin | Do. |
| Folic acid (Folacin) | Do. |
| Pantothenic acid | Do. |
| Biotin | Do. |
| Vitamin C (Ascorbic acid) | Milligrams. |
| Choline | Do. |
| Inositol | Do. |
| Minerals: | |
| Calcium | Milligrams. |
| Phosphorus | Do. |
| Magnesium | Do. |
| Iron | Do. |
| Zinc | Do. |

| Nutrients | Unit of measurement |
|---|---|
| Manganese | Micrograms. |
| Copper | Do. |
| Iodine | Do. |
| Sodium | Milligrams. |
| Potassium | Do. |
| Chloride | Do. |

21 C.F.R. § 107.10.

1. Additionally, the Labeling Requirements required the product label for infant formula to include specific directions for use, including directions for storage, dilution, and sterilization of water, bottle, and nipples. 21 C.F.R. § 107.20.

**The Conspiracy**

2. From in or around 2015 until in or around October 2021, in the District of New Jersey and elsewhere, the defendant,

**MIKHAEL TKACH,**
**a/k/a "Michael Tkach,"**

did knowingly and intentionally conspire and agree with Co-Conspirator 1 and others to cause the introduction and delivery into interstate commerce of food, specifically, infant formula, that was misbranded, as defined at Title 21, United States Code, Sections 343(a) and 343(f), contrary to Title 21, United States Code, Sections 331(a) and 333(a)(1).

**Goal of the Conspiracy**

3. The goal of the conspiracy was for defendant TKACH and his co-conspirators to profit by unlawfully selling certain European-manufactured infant formula (the "European infant formula") to customers in the United States that violated the Labeling Requirements.

**Manner and Means of the Conspiracy**

4. The manner and means by which defendant TKACH and others sought to accomplish the goal of the conspiracy, included, among other things, the following:

a. Beginning in or around 2015, defendant TKACH and his co-conspirators (including individuals located both in Europe and the United States), imported, sold, and distributed European infant formula to distributors and customers in the United States in violation of the Labeling Requirements.

b. Defendant TKACH and his co-conspirators based in the United States knew and discussed with each other that the European infant formula could not lawfully be sold and distributed in the United States because it failed to comply with the Labeling Requirements.

c. The European infant formula that defendant TKACH and his co-conspirators introduced into interstate commerce in the United States included products with labeling solely in foreign languages other than English; labeling that failed to bear the required nutrition information; and labeling that did not meet other Labeling Requirements for the sale of infant formula in the United States.

d. Nonetheless, TKACH and his co-conspirators arranged for numerous shipments of European infant formula to be sent from Europe to various mailboxes in the United States. The conspirators concealed the shipments of European infant formula by making false customs declarations, including by falsely labelling shipments of European infant formula as "BREAKFAST FOOD QUICK COOK" to avoid detection.

e. Defendant TKACH sold European infant formula using online platforms including the Company 1 Website, through which customers in the United States ordered European infant formula that Company 1 would distribute directly to the customers. Through the Company 1 Website, Company 1 processed tens of thousands of orders for misbranded European infant formula to customers in the United States, including customers in New Jersey.

f. In furtherance of the conspiracy, defendant TKACH sold millions of dollars' worth of misbranded European infant formula to distributors

and consumers in the United States. When law enforcement lawfully searched defendant TKACH's warehouse in Brooklyn, New York, in December 2021, New York, law enforcement seized tens of thousands of units of European infant formula.

**Overt Acts**

5. In furtherance of the conspiracy, and to effect its goal, defendant TKACH and others committed or caused to be committed the following overt acts in the District of New Jersey and elsewhere:

a. Between on or about May 3, 2021, and on or about September 2021, defendant TKACH received approximately 215 imports of European infant formula to an address on Shell Road in Brooklyn, New York.

b. Defendant TKACH, through the Company 1 Website, shipped European infant formula to consumers in New Jersey on several occasions, including the following:

i. On or about August 23, 2021, defendant TKACH, through Company 1, shipped three boxes of European infant formula from Brooklyn to an address in Madison, New Jersey, via the U.S. Postal Service.

All in violation of Title 18, United States Code, Section 371.

**Count Two**
**(Introduction of Misbranded Infant Formula into Interstate Commerce)**

6. Paragraphs 1 and 3-5 of this Information are incorporated by reference.

7. On or about August 23, 2021, in the District of New Jersey and elsewhere, the defendant,

**MIKHAEL TKACH,**
**a/k/a "Michael Tkach,"**

did knowingly and intentionally cause the introduction and delivery into interstate commerce of food, specifically, infant formula, that was misbranded, as defined at Title 21, United States Code, Sections 343(a) and 343(f), contrary to Title 21, United States Code, Sections 331(a) and 333(a)(1).

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

## FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in the Information, defendant TKACH shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334(a)(1) and Title 28, United States Code, Section 2461(c), all misbranded infant formula introduced into interstate commerce contrary to Title 21, United States Code, Sections 331(a) and 333(a)(1), the value of which was approximately $864,965.34.

## SUBSTITUTE ASSETS PROVISION

If any of the above-described forfeitable property, as a result of any act or omission by defendant TKACH:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

ROBERT FRAZER
United States Attorney

Katherine M. Romano

Katherine M. Romano
Assistant U.S. Attorney

Approved by:

Elaine K. Lou
Chief, Criminal Division

CASE NUMBER: ____________

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

MIKHAEL TKACH,
a/k/a "Michael Tkach"

# INFORMATION FOR

18 U.S.C. § 371
21 U.S.C. §§ 331(a), 333(a)(1)

ROBERT FRAZER
UNITED STATES ATTORNEY

KATHERINE M. ROMANO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-353-6095